IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NESTOR MARTINEZ                     :
                                    :
    Petitioner-Defendant,           :      CIVIL ACTION
                                    :
v.                                  :      No. 1:14-CV-1549-TWT
                                    :
WAYPOINT HOMES, INC.,               :
a/a/f SRP Sub, LLC                  :
                                    :
    Respondent-Plaintiff.           :

**ORDER, FINAL REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**I.**
**Introduction**

The above-styled case is a dispossessory action for nonpayment of rent originally filed in the Magistrate Court of Cobb County by Waypoint Homes, Inc., a/a/f SRP Sub, LLC ("Respondent" herein) against Nestor Martinez as Defendant ("Petitioner" herein). See [Doc. 1-1 at 6-7]. Petitioner, proceeding pro se, is seeking to remove this state case to federal court. See [Doc. 1-1 at 1]. Presently before the Court is Petitioner's application to proceed in forma pauperis with his notice of removal. [Docs. 1, 1-1]. Upon consideration, Petitioner's motion to proceed in forma pauperis, [Doc. 1], is **GRANTED** for purposes of dismissal and remand. Because this Court does not have original jurisdiction over the claim made in state court, the undersigned **RECOMMENDS** that the action be

**REMANDED** to the Magistrate Court of Cobb County pursuant to 28 U.S.C. § 1447(c).

## II.
### Discussion

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1447(c).

In removal cases, the party seeking removal has the burden to demonstrate that federal subject matter jurisdiction exists, Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001), and "uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987).

For federal-question jurisdiction to exist, the complaint must

2

present a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429 (citation omitted).[1] Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062 (2003). In addition, a counterclaim cannot serve as the basis for federal-question

---

[1] Under rare circumstances, the complete preemption doctrine provides an "independent corollary" to the well-pleaded complaint rule for determining whether a federal court has subject matter jurisdiction. See Caterpillar, 482 U.S. at 393, 107 S. Ct. at 2430. Where "the pre-emptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,'" such a claim "arises under" federal law and thus provides the court with subject matter jurisdiction. Id. (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65, 107 S. Ct. 1542, 1547 (1987)). The Supreme Court, however, has only recognized complete preemption of state law claims under three federal laws: (1) the Labor Management Relations Act, see Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists and Aerospace Workers, 390 U.S. 557, 560-62, 88 S. Ct. 1235, 1237-38 (1968); (2) the Employee Retirement Income Security Act, see Metro. Life, 481 U.S. at 65-66, 107 S. Ct. at 1547-48; and (3) the National Bank Act, see Beneficial, 539 U.S. at 7-11, 123 S. Ct. at 2062-64. The allegations in this case, however, do not fall under any of these three statutes. Thus, the complete preemption exception does not apply.

jurisdiction. <u>Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 831, 122 S. Ct. 1889, 1894 (2002).

In this case, Petitioner seeks to remove a dispossessory proceeding, [Doc. 1-1 at 6-7], which is fundamentally a matter of state law. Petitioner does not contend that Respondent relied on any federal law in bringing the action before the Cobb County Magistrate Court. <u>See</u> 28 U.S.C. § 1446(a). Although Petitioner alleges that Respondent violated 42 U.S.C. § 3631, and that the dispossessory action violated the "Due Process Clauses" of the Fourteenth Amendment and the "Bill of Right," [Doc. 1-1 at 2], a case may not be removed to federal court on the basis of a federal defense, <u>see Caterpillar</u>, 482 U.S. at 393, 107 S. Ct. at 2430, or on the basis of a federal counterclaim. <u>See Vornado</u>, 535 U.S. at 831-32, 122 S. Ct. at 1894. Thus, absent a federal question presented on the face of Respondent's well-pleaded complaint or evidence that warrants the application of an exception to the well-pleaded complaint rule, Petitioner cannot properly remove this action on the basis of federal-question jurisdiction. <u>Caterpillar</u>, 482 U.S. at 393, 107 S. Ct. at 2430; <u>see also Wachovia Mortg. Assoc. v. Lee</u>, No. 1:11-cv-304-TWT-RGV, 2011 WL 976629, at *3 (N.D. Ga. Feb. 4, 2011) (recommending that dispossessory action be remanded to state court for lack of subject matter jurisdiction), <u>report and recommendation adopted</u>, 2011 WL 941351 (N.D. Ga. Mar. 17, 2011); <u>Bank of N.Y. v.</u>

4

<u>Wilson</u>, No. 1:08-cv-332-TWT, 2008 WL 544741, at *2 (N.D. Ga. Feb. 25, 2008) (same); <u>HSBC Mortg. Servs., Inc. v. Cunningham</u>, No. 1:07-cv-2480-WSD-JFK, 2007 WL 3005337, at *2 (N.D. Ga. Oct. 12, 2007) (same).

Furthermore, there is no basis for diversity jurisdiction because Petitioner does not allege that the amount in controversy exceeds $75,000 or that the parties are citizens of different states. <u>See</u> [Doc. 1-1 at 1-5]; [Doc. 1-2 at 1]; 28 U.S.C. § 1332(a)(1) (providing that federal district courts shall have original jurisdiction over civil cases where the matter in controversy exceeds $75,000 and is between "citizens of different States"). According to the complaint filed in Magistrate Court, the amount in controversy consists of past due rent of $1,100, rent accruing up to the date of judgment or vacancy at the rate of $1,100 per month, a $95 late fee, a $250 legal fee, and court costs — well below the $75,000 threshold. <u>See</u> [Doc. 1-1 at 6].

### III.
### Conclusion

For the reasons discussed above, the undersigned finds that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1441. Accordingly, **IT IS RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of Cobb County.

5

**SO ORDERED AND RECOMMENDED,** this 13th day of June, 2014.

s/ *E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

6